IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORMAN S. WRIGHT MECHANICAL EQUIPMENT CORP., a California Corporation<br><br>           Plaintiff,<br><br>      v.<br><br>GENESIS AIR, INC., a Texas Corporation<br><br>           Defendants.<br>_____ / | No. C 13-02185 RS<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT AND REMANDING CASE** |

## I.   INTRODUCTION

Plaintiff Norman Wright Mechanical Equipment Corp. ("Norman Wright") filed a complaint asserting state contract claims against defendant Genesis Air, Inc. ("Genesis") in the Superior Court of California, County of San Mateo. Genesis removed the action pursuant to 28 U.S.C. § 1332(a)(1) for diversity jurisdiction. Plaintiff then filed an amended complaint, advancing claims against Specialty A/C Products, Inc. ("Specialty A/C"), a California corporation. Plaintiff now seeks permission to file a first amended complaint and, if granted, to remand the matter to state court, as complete diversity would no longer exist. Genesis opposes any such amendment, arguing it is exclusively for the purpose of destroying diversity. This

matter is suitable for decision without oral argument and has been taken under submission pursuant to Civil Local Rule 7-1(b). For the following reasons, plaintiff may proceed on the amended complaint and, as a result, this matter must be remanded.

## II.   BACKGROUND

Plaintiff Norman Wright is a manufacturer's representative for heating, ventilation and air conditioning ("HVAC") equipment, representing different manufacturers in the sale of such equipment. Defendant Genesis is a manufacturer of HVAC equipment known as indoor air containment reductions systems. In its original complaint, filed in the Superior Court of California, County of San Mateo on April 30, 2013, plaintiff alleges the two parties agreed that Norman Wright would represent Genesis in Northern California and Nevada. Based on this understanding, Norman Wright asserts it obtained orders for certain construction projects. Thereafter, however, Genesis allegedly refused to sell any equipment to plaintiff which, in turn, brought claims for breach of contract, promissory estoppel, intentional interference with contractual relations, and unfair business practices under California Business and Professions Code § 17200.

Defendant Genesis properly removed the action on May 13, 2013, and answered on May 17, 2013. Norman Wright then filed an amended complaint on June 5, 2013, joining Specialty A/C, a California corporation who serves as Genesis's representative in the Bay Area, as a defendant. Plaintiff alleges that Specialty A/C entered into an agreement with Genesis whereby Genesis was not to sell to plaintiff in exchange for payment or a promise of payment. Against Specialty A/C, Norman Wright brings claims of interference with prospective economic advantage, inducing breach of three separate contracts, and unfair business practices under California Business and Professions Code § 17200. Genesis objected to such amendment, and the parties agreed that Norman Wright must seek permission to proceed on the amended complaint.

Norman Wright asserts Specialty A/C is properly joined in this action because the claims against it are closely related to the claims against Genesis. Specifically, the two are alleged to

have conspired to interfere with plaintiff's contractual and economic relations.  Genesis argues plaintiff filed the amended complaint with the sole purpose of destroying diversity jurisdiction as plaintiff knew of Specialty A/C's existence at the time the initial complaint was filed and that plaintiff has failed to allege any actionable wrongdoing against Specialty A/C, or to the extent such a claim is asserted, it is unrelated to the claims brought against Genesis.

### III.   LEGAL STANDARD

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  Whether to permit joinder of a party that will destroy diversity jurisdiction falls within the discretion of the court.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Courts generally consider six factors when deciding whether to permit amendment to add non-diverse parties: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.  *See IBC Aviation Services, Inc. v. Compania Mexicanade Aviacion, SA*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000); *Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 658 (C.D. Cal. 2000); *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1019-20 (C.D. Cal. 2002).

### IV.   DISCUSSION

First, Rule 19 of the Federal Rules of Civil Procedure requires joinder of persons whose presence is necessary to grant complete relief, or whose absence would impede their ability to protect their interests or subject the parties to inconsistent obligations.  Fed. R. Civ. Pro. 19(a).  This standard is met when failure to join will lead to repetitive and wasteful actions.  *See CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991); *IBC Aviation*, 125

F.Supp.2d at 1012.  In approving discretionary joinder, a high degree of involvement by the proposed defendant in the occurrences giving rise to the plaintiff's claim is generally required.  *See Boon*, 229 F.Supp.2d at 1022.  Here, the claims asserted against Specialty A/C are intertwined with those asserted against Genesis.  Indeed, Norman Wright alleges that Specialty A/C improperly induced Genesis to breach its contract with plaintiff, thereby interfering with contracts between plaintiff and its customers.  Without joinder, Specialty A/C would be precluded from defending itself from these allegations.  Moreover, Norman Wright may be unable to obtain complete relief if successful in its claims, as the claims now asserted against Specialty A/C are closely intertwined with those asserted against Genesis.  Accordingly, the considerations under Rule 19 favor joinder.

Norman Wright concedes that the statute of limitations has not run, and that therefore claims against Specialty A/C in a separate state court action could be initiated.  Plaintiff contends, however, that such action would be duplicative and a waste of judicial resources, as the claims against Specialty A/C are closely related to those against Genesis.  As the facts giving rise to plaintiff's claims against both Specialty A/C and Genesis pertain to the same set of contractual agreements, requiring plaintiff to litigate the claims in separate actions would result in duplicative proceedings.  Thus, the interests of judicial economy, contemplated under the second factor, favor resolving these claims in a single action.

With respect to the third factor, Norman Wright disputes that it delayed seeking to name Specialty A/C as a defendant.  Rather, it argues that amendment is timely as a matter of law under Rule 15 of the Federal Rules of Civil Procedure.  While Genesis notes that plaintiff was aware of Specialty A/C's identity at the time it filed the initial complaint, plaintiff insists further discovery was necessary to learn of Specialty A/C's role in the alleged wrongdoing in order to assert proper claims against the non-diverse defendant.  Regardless of whether, prior to such discovery, plaintiff could have named Specialty A/C in its pleadings, plaintiff is within its rights instead to seek leave to amend at this juncture.  In *Boon*, a court in the Central District of California found that an amended complaint filed less than three months after the initial

complaint, and one month after the notice of removal, did not support a finding of unreasonable delay. 229 F.Supp.2d at 1323 *citing Lopez v. General Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1993) (holding a delay of six months after removal was "too late" for plaintiff to amend complaint to add new parties); *see also IBC Aviation*, 125 F.Supp.2d at 1012 (finding amendment less than two months after filing of complaint and one month after removal did not amount to unreasonable delay). Here, plaintiff's amended complaint was filed less than two months following the initial complaint, and less than 21 days after Genesis filed its answer, as contemplated by Federal Rule of Civil Procedure 15(a). As such, there was no undue delay in the amendment, and the timing of such addition was appropriate under the third factor.

The fourth factor, motive, is of particular importance in removal jurisdiction cases where joinder may defeat jurisdiction. *See Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1083 (9th Cir. 1980). In assessing motive, "the court may consider statements of counsel at pretrial conferences, and plaintiff's subsequent attempt to amend her complaint as relating to plaintiff's true intent at the time the action was removed." *Goodman v. Travelers Ins. Co.*, 561 F.Supp. 1111, 1113-14 (N.D. Cal. 1983) (citations omitted). Genesis contends that, (1) given plaintiff's knowledge of Specialty A/C at the time of the original filing, (2) comments made by plaintiff's counsel that she would add Specialty A/C and seek remand immediately after removal, and (3) the absence of new information in the amended complaint, the attempted amendment is for the sole purpose of destroying diversity. As stated previously, however, plaintiff maintains it had intended to assert claims against Specialty A/C all along, but wanted to engage in further discovery before so doing. Moreover, taking the facts as pleaded to be true, it appears Specialty A/C is a necessary party to the action. Thus sufficient evidence exists to decline to impute an improper motive for joinder to Norman Wright. *See IBC Aviation*, 125 F.Supp.2d at 1012.

Genesis further contends plaintiff has failed to state any valid claim against Specialty A/C, in violation of the fifth factor. It insists plaintiff has not alleged any independently wrongful conduct necessary to support the tort of interference with prospective economic advantage. The amended complaint, however, avers that Genesis and Specialty A/C formed an

anti-competitive agreement intended to disrupt the alleged agreement between Genesis and plaintiff. This alleged side agreement is independent of the alleged contract between plaintiff and Genesis and asserts the *mens rea* required to support a tort claim. Thus plaintiff has asserted a viable claim of interference with prospective economic relations.

Genesis additionally argues that Specialty A/C and Genesis are not "strangers" to the contract and Specialty A/C thus had a contractual right to interfere. This theory seems premised upon the preexisting agreements between Genesis and Specialty A/C, rather than on the contract at issue here – that between Genesis and Norman Wright. Taking the pleadings of the amended complaint to be true, there is no evidence Norman Wright ever entered into any agreement with Specialty A/C. Thus Specialty A/C was a "stranger" to the contract at issue and had no preexisting contractual right to interfere with the relationship between Genesis and plaintiff. It follows that plaintiff has asserted potentially valid claims for inducing breach of contract. Similarly, taking the allegations to be true, plaintiff has asserted a viable claim under California Business and Professions Code § 17200, as inducing one to discontinue business with another through payment or a promise of payment, amounting to an unlawful or unfair business practice. Where defendants fail to show "there is *no* possibility that [plaintiff] could state a claim in California state court" against a proposed defendant, the defendant is properly joined. *California Dump Truck Owner's Ass'n v. Cummins Engine Co., Inc.*, 24 Fed. App'x. 727, 729 (9th Cir. 2001). Given California's liberal rules on amendment of pleadings, *see* California Code of Civil Procedure § 473, to the extent there are deficiencies in the pleadings, it is possible the California court would permit amendment. *See California Dump Truck*, 24 Fed. App'x at 729. Thus, Norman Wright has sufficiently alleged viable claims for relief against Specialty A/C.

Finally, denial of joinder would force Norman Wright to choose between foregoing its potential claims against Specialty A/C and litigating similar actions in two different courts. This would prejudice plaintiff, and weighs in favor of permitting joinder under the sixth factor.

On balance, consideration of the applicable six factors favors permitting joinder of Specialty A/C as a defendant. Plaintiff's motion for leave to amend is granted. As both Norman

1 Wright and Specialty A/C are California corporations, complete diversity is destroyed, and as all
2 of plaintiff's claims arise exclusively under California state law, no other basis for federal
3 subject matter jurisdiction arises.  Accordingly, this Court lacks jurisdiction to hear this case and
4 the matter must be remanded to state court.

## V.   CONCLUSION

For the foregoing reasons, Norman Wright's motion to amend its complaint is granted. The matter shall be remanded to the Superior Court of California, County of San Mateo.  The hearing scheduled for August 8, 2013 is vacated.

IT IS SO ORDERED.

Dated:  7/30/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE